UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVE WRZESINSKI, et al.,          ) | |
|                                           ) | Case No.: 2:10-cv-01052-GMN-RJJ |
|                 Plaintiffs,      ) | |
| vs.                                      ) | **ORDER** |
|                                           ) | |
| HOME FINANCE OF AMERICA, et al., ) | |
|                                           ) | |
|                 Defendants.   ) | |
|                                           ) | |

        Before the Court are two Motions to Dismiss (ECF Nos. 4 & 17).  One Motion (ECF No. 4) was filed by Defendant CitiMortgage, Inc., the other (ECF No. 17) was filed by Chicago Title Agency of Nevada, Inc. ("CTN"), which is the survivor by merger of named Defendant United Title of Nevada ("UTON").  The other three Defendants named in the Complaint (ECF No. 1)--Home Finance of America ("HFA"), Mortgage Electronic Registration System, Inc. ("MERS"), and Cal-Western Reconveyance Corporation "CWRC")--have not appeared in this case.  Plaintiffs have attempted to prove service of these defendants by providing copies of certified mail receipts indicating that some sort of letters were sent to these defendants' general business addresses. (ECF No. 35.) Plaintiffs have not executed an affidavit indicating what was actually contained in the certified mail sent to these defendants, nor have they indicated that this form of service is permissible in the states in which the defendants are located: Pennsylvania, Virginia, and California.

        For the reasons that follow, Plaintiffs' Complaint is DISMISSED without prejudice.  If Plaintiffs decide to amend their Complaint, it must be filed within twenty-one (21) days of the date on which this Order is entered.

**I.   BACKGROUND**

The Complaint and factual allegations contained therein are a bit incoherent, but this lawsuit appears to arise from the institution of foreclosure proceedings against the home of Plaintiffs Dave Wrzesinski and Cheryl Wrzesinski ("Plaintiffs"). (Compl. 5–6, ECF No. 1.)[1]  According to Plaintiffs, CWRC filed ten (10) foreclosure and substitution notices with the Clark County Recorder after "Plaintiff was deemed to have failed to perform under the agreement with "HFA" contract, to make payments on the subject note." (*Id.* at 5.)  Then, Plaintiffs allege that HFA, MERS, and CWRC:

> culiminat[ed] their protracted criminal efforts by fraudulently representing to Clark County Recorder Debbie Conway, in sworn and non-sworn pleadings filed in the subject action that it indeed enjoyed equity or other assignment in relation to the subject Note, clearly possessing an understanding that such enjoyment was essential to standing to sue for foreclosure as in the subject action.

(*Id.* at 5–6.)  Plaintiffs allege that, on that same day:

> As presiding officer(s) and trier of fact in the subject action, and with full and prior knowledge that "CWRC", "MERS", "CITI", "UTON" nor "HFA" had no equity in the subject Note and therefore lacked standing to sue and with intent to contribute to "HOA's" unlawful enterprise, Defendant(s) Doe(s) "CWRC" chose to ignore authority.

(*Id.* at 5.)  Plaintiffs also make references to fraud (*id.* at 2, 6), malicious prosecution (*id.* at 4), racketeering (*id.* at 4), extortion (*id.* at 6), unlawful use of mails (*id.* at 6), and numerous criminal statutes (*id.* at 6–18), but does not make clear what causes of action they are pursuing or against which of the Defendants each of those causes of action is alleged.

---

[1] There are no page numbers in the Complaint, so the page numbers used in Order reflect the numbers assigned by the CM/ECF system.

Defendant CitiMortgage, Inc. filed the first Motion to Dismiss (ECF No. 4).  In its Motion, Defendant contends that Plaintiffs' Complaint fails  to meet the minimum pleadings requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure.  Chicago Title Agency joined in that Motion, and filed its own Motion to Dismiss (ECF No. 17), in which it argued that its predecessor, UTON, was not involved in the foreclosure and that Plaintiffs can therefore not prevail on a claim against it.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action when the plaintiff fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008).  Rule 8(a)(2) requires that

a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Thus, a complaint may be dismissed if it is so "verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). Such is the case with the Complaint currently before the Court.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

**III.    DISCUSSION**

The document filed as the Complaint in this action appears to actually be the combination of two Complaints. The first is two (2) pages long, while the other is twenty (20) pages in length. Neither of these complaints complies with Local Rule of Civil Practice 10-1 (governing the form of papers filed in this Court and requiring, *inter alia*, that all pages of each pleading be numbered consecutively). On the final page of the aggregated Complaint, in the section labeled "VERIFICATION," Plaintiffs refer to this document as a "criminal complaint," writing:

> Complainant (undersigned) brings this criminal complaint in
> good faith with clean hands and as required by law, and they
> fully believes [sic] that the allegations of lawlessness on the

>part of the Defendant(s) above named are true and correct, and that they constitute the crimes alleged herein, acts for which Complainant seeks the full imposition of all sanctions provided for by law.

(Compl. 22, ECF No. 1).  Plaintiffs elsewhere note that they "reserve[] the right of filing additional criminal charges . . . ." (*id.* at 20.)  The Court agrees with Defendant CitiMortgage that these items create the question of what function Plaintiffs actually intended the Complaint to serve. (*See* Mot. to Dismiss 8–10, ECF No. 4.)  If this is intended as a Criminal Complaint, then it must be dismissed, as "[c]riminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch," *Clinton v. Jones*, 520 U.S. 681, 718 (1997), and neither Plaintiff is purporting to be a member of the Executive Branch.

      Assuming, *arguendo*, that this Complaint is intended to be a complaint in a civil action, the Complaint is insufficient to give the Court and the opposing parties notice of what causes of action Plaintiffs are alleging and against whom those claims are being alleged.  Plaintiffs make generalized grievances regarding fraud and malicious prosecution, but also devote thirteen (13) pages to quoting federal and state statutes verbatim, including little to no guidance as to how those statutes relate to the facts of this case or the causes of action that Plaintiffs might be alleging against Defendants.  Although these statutes might somehow be related to the mentions of racketeering included throughout the Complaint, the Complaint is far from clear in this regard.  Further, it is unclear which of these statutes and grievances apply to each party.  Although Plaintiffs write "[i]n relation to Defendant "HFA" [sic] its counselors, defendant(s), co-conspirators, "CWRC"; "CITI"; "MERS"; "UTON", Doe(s) and shall be deemed to be included in any allegation where such would be appropriate in the context conveyed in the allegation," (Compl. 4, ECF No. 1), this hardly clarifies which

allegations pertain to which party.  Indicating that the allegations that apply to a party are the allegations that would appropriately apply to the party in the context of the allegation borders on circular reasoning and does not put Defendants on adequate notice of what claims are pending against them.

This is exactly the sort of Complaint that Judge Kleinfeld warned about in *McHenry*.  A judge could spend a full day trying to sort through the allegations and statutes cited in this Complaint in an effort to determine what Plaintiffs are claiming and Defendants could do the same, but it is still unlikely that the judge and all of the parties would have a similar view of exactly what causes of action are being pleaded in this Complaint.  It is jumbled and largely unintelligible, and its substance, if it exists, is extremely difficult to decipher.  As such, Defendants are not put on adequate notice of the claims against them, and this case must be dismissed.  Plaintiffs will be given twenty-one (21) days to file an Amended Complaint.

## **CONCLUSION**

IT IS HEREBY ORDERED that the Complaint is DISMISSED without prejudice and the Plaintiffs are given twenty-one (21) days in which to amend the Complaint.  The Motions to Dismiss (ECF Nos. 4 &17) are GRANTED to the extent they conform to this Order.  Plaintiffs are advised to follow all of the relevant Local Rules and to lay out each of its causes of action--and the defendants that each applies to--in a coherent, systematic manner, being certain to allege facts showing that such a cause of action is plausible, not just possible.  Plaintiffs should also be certain to note in the complaint whether it is designed to initiate a criminal or a civil action.  Plaintiffs must be sure to serve all parties with its amended complaint.

IT IS FURTHER ORDERED that the Court will cause this dismissal to become with prejudice if Plaintiffs do not comply with the Court's Order.

IT IS FURTHER ORDERED that all other motions currently pending in this action are DENIED, without prejudice, as moot.

DATED this 7th day of December, 2010.

_____
Gloria M. Navarro
United States District Judge