UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVE WRZESINSKI, et al., ) | |
| ) | Case No.: 2:10-cv-01052-GMN-RJJ |
| Plaintiffs, ) | |
| vs. ) | **ORDER** |
| ) | |
| HOME FINANCE OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendant CitiMortgage's Motion to Dismiss (ECF No. 39), which Defendant United Title of Nevada has joined (*see* ECF No. 40). Plaintiffs filed a Response (ECF No. 46), to which Defendant CitiMortgage filed a Reply (ECF No. 47). For the reasons that follow, the Motion to Dismiss will be GRANTED and Plaintiffs' Amended Complaint (ECF No. 38) will be dismissed with prejudice.

## I. BACKGROUND

This Court previously dismissed Plaintiffs' Complaint, finding that it failed to put Defendants on notice of the claims against them because the Complaint was "jumbled and largely unintelligible, and its substance, if it exists, is extremely difficult to decipher." (Order 6:5-13, ECF No. 36.) However, the Court granted Plaintiffs' leave to amend, explaining:

> Plaintiffs are given twenty-one (21) days in which to amend the Complaint. . . . Plaintiffs are advised to follow all of the relevant Local Rules and to lay out each of its causes of action--and the defendants that each applies to--in a coherent, systematic manner, being certain to allege facts showing that such a cause of action is plausible, not just possible. Plaintiffs should also be certain to note in the complaint whether it is designed to initiate a criminal or a civil action.

(*Id.* at 6:16-23.) Plaintiffs filed an Amended Complaint within that twenty-one (21) day

window; however, the Amended Complaint is only slightly more coherent than the previous Complaint and similarly fails to put Defendants on notice of the claims against them.

## II.     RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

## III. DISCUSSION

### A. The Complaint is too incoherent to put Defendants on notice of the claims against them

Even though the Court's previous order directed Plaintiffs "to lay out each of its causes of action--and the defendants that each applies to--in a coherent, systematic manner, being certain to allege facts showing that such a cause of action is plausible, not just possible," Plaintiffs' Amended Complaint is still so "verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). Indeed, the Amended Complaint is the sort of prolix, confusing Complaint that must be dismissed because it "impose[s] unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Nowhere do Plaintiffs specifically articulate the exact causes of action that they are alleging against Defendants, and, consequently, nowhere do they set forth a short, plain statement showing that they are entitled to relief. Instead, the Amended Complaint is composed of generalized grievances and full recitations of at least eleven state and federal statutes, many of which are criminal statutes. Yet again, this Amended Complaint is exactly the sort of complaint that Judge Kleinfeld warned about in *McHenry*. A judge could spend a full day trying to sort through the allegations and statutes cited in this Amended Complaint in an effort to determine what Plaintiffs are claiming and Defendants could do the same, but it is still unlikely that the judge and all of the parties would have the same view of exactly what causes of action are being pleaded in this document. It is jumbled and largely unintelligible, and its substance, if it exists, is extremely difficult to decipher. As such, Defendants are not put on adequate notice of the claims against them, and the lawsuit must be dismissed.

///

### B. To the extent that the Complaint attempts to set forth any claim, those claims fail

#### i. *TILA and RESPA claims are time barred*

On the first page of their Complaint, Plaintiffs allege that: "The Defendant's [sic] pattern of conduct and actions has served to damage Plaintiff's [sic] reputation and standing in their community and **exposes** the Defendant(s) as having violated multiple Federal RICO, RESPA, and TILA statutes in ways which <u>**make them liable**</u>; and **avail them** to civil actions for damages." (Am. Compl. 1:10-13, ECF No. 38.)  To the extent that this can be liberally construed to state a claim for damages under TILA or RESPA, those claims are barred by the statute of limitations.

A TILA damages claim must be brought no later than one (1) year after the consummation of the mortgage agreement concerning which the damages claim is brought. *See Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir. 1996).  RESPA claims must be brought within either one (1) or three (3) years after the consummation of the transaction, depending on the sort of RESPA claim that is pleaded. *See Bastida v. IndyMac Bank*, No. SACV 10-1893 DOC (RNBx), 2011 WL 2711244, at *3 (C.D. Cal. July 13, 2011).  Here, Plaintiffs plead that the mortgage relevant to the TILA and RESPA claims was executed by December 22, 2003, (*see* Compl. 2:4-9, ECF No. 38); therefore, they had until December of 2004 to bring their TILA claim and, at latest, until December of 2006 to bring their RESPA claim.  This lawsuit was filed in June of 2010, which was far too late.  Because Plaintiffs have pleaded no facts to suggest that equitable tolling is warranted, these claims must be dismissed.

#### ii. *Plaintiffs' RICO claims are inadequately pleaded*

In order to state a valid claim under either the federal or the Nevada RICO statutes, the underlying racketeering acts must be pleaded with specificity. *See, e.g., Bamco 18 v. Reeves*, 675 F. Supp. 826, 829 (S.D.N.Y. 1987); *Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988).

Thus, even if one were to construe Plaintiffs' Amended Complaint as attempting to set forth RICO claims, those claims are insufficiently pleaded because they lack specificity.

Plaintiffs may be pleading that their RICO claim is justified because Defendants conspired to allow Defendant Cal-Western Reconveyance Corporation ("Cal-Western") to file a Notice of Default with regard to Plaintiffs' property, which Plaintiffs claim it did "**falsely and fraudulently** claiming to have equity in relation to the subject Note; so as to give the wrongful impression that it was a Holder, a person with standing to sue, instead of one who has **no access whatsoever to the courts in relation to the subject Note.**" (Am. Compl. 11:32-12:2, ECF No. 38). As an initial matter, one does not need to hold the promissory note in order to file a Notice of Default in Nevada. *See Gomez v. Countrywide Bank, FSB*, No. 2:09-cv-01489, 2009 WL 3617650, at *2 (D. Nev. Oct. 26, 2009). Thus, a party is not necessarily portraying itself to be the holder of the note when it files a Notice of Default. Nor did Cal-Western portray itself to be the holder of the note here. In the judicially noticeable Notice of Default upon which Plaintiffs' Amended Complaint necessarily relies, Cal-Western is simply described as "either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated December 17, 2003." (Ex. C, ECF No. 20.) Plaintiffs' claim therefore fails. These allegations are also deficient because they are not pleaded with the particularity required by Federal Rule of Civil Procedure 9(b). Simply put, the Amended Complaint fails to put Defendants on notice of how, when, and where each of them allegedly engaged in this fraudulent scheme and which of their employees were allegedly responsible for perpetuating the fraud.

Plaintiffs may also be alleging that Defendants improperly attempted to influence a government official, contending: "These Defendants then solicited Clark County Recorder; Debbie Conaway (a public official who may be an innocent party) who participated in this contrivance should [sic] have known of its possible invalidity and criminal nature, but did so

without question." (Am. Compl. 12:18-21, ECF No. 38.)  However, this allegation is not specific enough to warrant consideration.  First, it is unclear what, exactly, Plaintiffs meant by "solicited" in this instance. Second, these vague allegations lack the sort of who, where, when, and in-what-manner particularity necessary to articulate a viable RICO claim.  To the extent that Plaintiffs are attempting to bring RICO claims, those claims are dismissed.

      *iii.*  *Plaintiffs lack standing to bring criminal charges*

To the extent that Plaintiffs are trying to bring criminal charges against Defendants by citing to criminal statutes throughout their Amended Complaint, those attempts must fail.  As the Court noted in its previous Order, "[c]riminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch," *Clinton v. Jones*, 520 U.S. 681, 718 (1997).  Thus, because neither Plaintiff is purporting to be a member of the Executive Branch, they cannot bring criminal charges against Defendants.

### **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 39) is **GRANTED**.  Plaintiffs' Amended Complaint is **DISMISSED with prejudice**.

DATED this 22nd day of July, 2011.

_____
Gloria M. Navarro
United States District Judge